UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPEHR ALVAREZ,

                Plaintiff,

-against-

THE TWISTER GROUP, INC., GSM, LLC D/B/A GSM OUTDOORS AND MUDDY OUTDOORS,

                Defendants.

**ORDER**

25-CV-09503 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

GSM, LLC d/b/a GSM Outdoors[1] and Muddy Outdoors[2] ("Removing Defendants") filed a Notice of Removal on November 13, 2025, removing this action from the Supreme Court of the State of New York, County of Westchester, to this Court. (Doc. 1). For the reasons set forth below, this matter is REMANDED to the Supreme Court of the State of New York, County of Westchester.

## BACKGROUND

The Removing Defendants annexed to the Notice of Removal a copy of Plaintiff's Summons and Verified Complaint (Doc. 1-1); written consent of defendant The Twister Group, Inc. to the removal (Doc. 1-2); the Notice of Removal filed in state court (Doc. 1-3); and an affidavit of service of the Notice of Removal (Doc. 1-4). The Removing Defendants claim that this Court has subject matter jurisdiction over this dispute because: (1) complete diversity exists between the parties; and (2) "a reasonable reading of the Complaint and understanding of the

---

[1] The Removing Defendants clarify that the correct name of this entity is Good Sportsman Marketing, LLC. (Doc. 1 ¶ 5).

[2] The Removing Defendants allege that "Muddy is no longer operating as a corporation and is only a brand name for treestand and hunting products distributed by [Good Sportsman Marketing, LLC]." (Doc. 1 ¶ 6).

personal injuries alleged demonstrates that the amount in controversy exceeds $75,000 . . ." (Doc. 1 ¶ 13).

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id*. (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. (quoting *Lupo*, 28 F.3d at 273-74).[3]

Plaintiff's Complaint alleges that he was injured by an allegedly defective and unreasonably dangerous Tree-Stand. (*See generally* Doc. 1-1). A plaintiff's complaint, in an action

---

[3] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

to recover damages for personal injuries in New York, "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled." C.P.L.R. § 3017(c). Accordingly, the Complaint does not state a specific sum of money sought from Defendants and asserts only that his damages "exceed[] the jurisdictional limits of all lower courts which would otherwise have jurisdiction." (Doc. 1-1 at 10-11). If removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2).

The Removing Defendants assert that the amount in controversy is in excess of $75,000 because the Complaint alleges that Plaintiff "sustained 'severe, painful persona injuries; was rendered sick, sore, lame and disabled and so remains; was confined to hospital, home and bed; was prevented from attending his usual duties and occupation. . .' . . . . Based on his allegations, Plaintiff also claims that he has 'lost and will continue to lose the enjoyment of life, and was obliged to seek and receive medical care and attention and will hereinafter necessarily seek further medical care and attention in consequence of the injuries. . . .'" (Doc. 1 ¶ 12 (quoting Doc. 1-1 ¶ 38)). According to the Removing Defendants, "a reasonable reading of the Complaint and understanding of the personal injuries alleged demonstrates" that Plaintiff's damages exceed $75,000. (*Id.* ¶ 13).

The Removing Defendants have not furnished any written indication of the amount in controversy. (*See generally*, Doc. 1). This Court, although not required to do so, has also undertaken to review the electronic docket in the state court proceeding. That docket is similarly

devoid of any written indication of the amount in controversy. (*See* Index No. 72700/2025, NYSCEF Doc. Nos. 1-7).

As federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), the Removing Defendants' allegation in the absence of any supporting information that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Torres v. Merriman*, No. 20-CV-03034, 2020 WL 1910494, at *2 (S.D.N.Y. Apr. 17, 2020) ("[A] mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdiction threshold of 28 U.S.C. § 1332(a) has been met."); *Crane Equip. & Servs., Inc. v. B.E.T. Const., Inc.*, No. 14-CV-01755, 2015 WL 471323, at *2 (W.D.N.Y. Feb. 4, 2015) (granting motion for remand where "Defendant's Notice of Removal conclusively states that the amount in controversy is '[m]ore than $75,000' without any further clarification"); *Villafana*, 2013 WL 2367792, at *2 ("[A] 'mere averment'" is insufficient to satisfy defendants' burden to establish amount in controversy (quoting *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936))).

## CONCLUSION

Based upon the foregoing, the Court concludes that the Removing Defendants failed to satisfy their burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Westchester.

The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Westchester, and to close this action. All pending matters are hereby terminated.

Dated: White Plains, New York
       November 18, 2025

SO ORDERED:

_____
Philip M. Halpern
United States District Judge